IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| RICHARD MARTIN, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-15-2430 |
| BALTIMORE CITY POLICE, | * | |
| Defendant. | * | |

\* * * * * * * * * * * *

## MEMORANDUM OPINION

Richard Martin, a resident of Boston, Massachusetts, filed a personal injury action against unnamed members of the Baltimore City Police Department, alleging they assisted Montgomery County police in searching Martin's Baltimore apartment and seizing his computers. ECF No. 1 at 13–14. The search and seizure occurred pursuant to a warrant issued following Martin's December 26, 2008 arrest in Montgomery County, Maryland.

Martin, who is self-represented, filed this Complaint on August 6, 2015. ECF No. 1. He will be granted leave to proceed in forma pauperis because the financial affidavit accompanying his Complaint indicates that he has no source of income. ECF No. 2.

Martin indicates that he was maliciously prosecuted by members of the Montgomery County, Maryland State's Attorney's Office. As a result of a criminal investigation and indictment, Martin pleaded guilty to harassment and fourth degree burglary, for which he was

sentenced to six months of incarceration.[1] While serving his sentence at the Montgomery County Detention Center, Martin claims he was subjected to "a minor assault and some verbal abuse."[2] ECF No. 1 at 7. He blames his conviction and all "offensive contacts that [he] endured" from the time of arrest until release from detention on the County prosecutors, and further blames unnamed Baltimore City police officers for assisting the Montgomery County authorities in executing a search warrant that led to the seizure of his computers. He implies that the Baltimore City police are therefore responsible for injury caused by tortious conduct arising from his arrest and conviction, including assault, battery, defamation, false imprisonment, intentional infliction of emotional distress, and negligence. *Id.* at 15–17. He seeks $10 million in damages and termination of all officers involved in the search of his apartment. *Id.* at 17.

This Complaint is filed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a court to dismiss any claim that is frivolous or malicious or that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). In this context, this Court is mindful of its obligation to liberally construe the pleadings of pro se litigants, and notes that a plaintiff's allegations are assumed to be true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that a court can ignore a plaintiff's clear failure to allege facts that would set forth a cognizable claim; a pro se complaint "must still contain sufficient facts 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" *Adams v. Sw. Va.*

---

[1] Martin notes that he was released after four months of incarceration. His probation ended in 2014. ECF No. 1 at 7–8. The case is not listed on Maryland's electronic docket. Exhibits provided with the Complaint suggest the case of *Maryland v. Richard Martin*, No. 112136, prosecuted in the Circuit Court for Montgomery County, Maryland, arose when a local dentist, Kim Hoa Lam, complained that Martin was stalking her. ECF Nos. 1-14 & 1-15.

[2] Martin makes no claim of civil rights violations against the Baltimore City Police Department or its personnel.

*Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). This Court is therefore obligated to consider both the tort claims outlined in the Complaint, as well as examine whether the Complaint is sufficient to state a civil rights violation under 42 U.S.C. § 1983.

Liberal construction of Martin's Complaint does not save it from early dismissal under either theory of liability, as it is time-barred. Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101. At the latest, Martin's claims against Baltimore City police officers would have accrued by the time of sentencing, which occurred on August 3, 2009. ECF No. 1 at 2. Martin's request for equitable tolling based upon his inability to find an attorney to represent him in a civil action is unavailing.[3] ECF No. 1 at 2. Because Martin did not file the instant lawsuit before the limitations period expired, it is time-barred and cannot proceed.

Title 28 U.S.C. § 1915(e)(2) obligates federal courts to dismiss cases at *any time* if the action is legally frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. For the reasons stated, this case is subject to dismissal. Martin's request to file electronic pleadings, ECF No. 3, shall be denied as moot. A separate Order follows.

Dated: August 28, 2015

/s/
GEORGE J. HAZEL
United States District Judge

---

[3] Martin's statement regarding equitable tolling because he was "afraid" of what the Montgomery County Police Department might do if he took action against them, ECF No. 1 at 2, is not relevant to his claims against members of the Baltimore City police department.

3